UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

WILLIAM AND MARTHA MILLSAPS

No.    1:11-cv-226
Judge   Collier/Lee

V

Jury Demanded

DEPUTY RONNIE LANDCASTER, DEPUTY
CAMPBELL AND DEPUTY ZUCK ,
DEPUTY COX, BADGE NO. 111,
DEPUTY BLEVINS, BADGE NUMBER 117
And DEPUTY LADD, BADGE NO. 141,
Individually and as officers of the Marion County,
Tennessee Sheriff's Department;

SHERIFF BO BURNETT, individually
And as Sheriff of Marion County, Tennessee;

OFFICER RAY BRADFORD, individually
And as an officer of the Grundy County,
Tennessee Sheriff's Department; and

VIRGIL MCNEECE, individually and as
Police Chief of the Monteagle, Tennessee
Police Department and MONTEAGLE, TN.

AMENDED COMPLAINT

      This is an action for compensatory and punitive damages for the violation of Plaintiffs' rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and prosecuted under 42 USC 1983 and other independent actions under state law grounds. All acts alleged took place within the physical jurisdiction of this Court; this Court has legal jurisdiction under 28 USC 1331, 1343 and 2201. Additional claims are made under 42 USC 1988 and ancillary State

law claims of assault, official oppression, libel, trespass and false arrest.

I.

Plaintiffs are a retired Episcopal Bishop and his wife who live husband and wife who live on Monteagle Mountain in the Clifftops Community. This is located in Marion County, Tennessee. Their son, James Millsaps is divorced and has three Children from the marriage; Delia (2), Jack (10) and Isaac (8). He lives in Big Pine Key, Florida.

Deputy Ronnie Landcaster, Deputy Campbell, Deputy Zuck, Deputy Cox, Badge No. 111, Deputy Blevins, Badge Number 117 and Deputy Ladd, Badge No. 141 were at all times relevant to this case Deputies in the employ of the Marion County Sheriff's Department. Sheriff Bo Burnett was at all times Sheriff of Marion County. Officer Ray Bradford was at all times an employee of the Grundy County Sheriff's Department.

Virgil McNeece was at all times relevant the Police Chief of Monteagle, Tennessee. The police department is directed and run by the City of Monteagle, Tennessee.

All Defendant parties are sued in their official and individual capacity and are alleged to have been acting under color of state law at the time of all actions alleged herein. All of the actions of the Defendants happened within the physical jurisdiction and are within the legal jurisdiction of this Court.

II.

Plaintiffs have lived in the Monteagle-Sewanee area for numerous years and raised their family there. As part of their son's divorce, he is to have the children (Plaintiff's Grandchildren) for a time for visitation in Florida. In August, 2010, Plaintiffs had been in Florida with the grandchildren and their father for the visitation time. This was set up by the Northy Carolina courts, where the divorce was granted.

On the day that the children were to be transferred back to their mother, Bridget, in Savannah, Georgia, their mothe left with them in her car and then returned to the motel and said that she no longer wanted the boys to live with her. She wrote a document releasing the children to James, who was going to return them to his home in Florida after he returned from a long planned business trip out of the country. The mother left the two boys with the father and Plaintiffs. After spending another few days in Florida, Plaintiffs and their grandchildren, with the Father's Power of Attorney to cover his trip, returned to their home in Monteagle, Tennessee. They all were to prepare for the Labor Day activities at their church and then take the grandchildren to Big Pine Key, Florida, where they would live with their father and had been preliminarily enrolled in school.

III.

With the Grandchildren accompanying them, Plaintiffs returned to their home in Marion

County on the Mountain. The following actions were done by Defendants on August 30, 2010:

A: Defendants Landcaster, Campbell and Zook arrived at Plaintiff's house at 9:15 A.M. with the ex-daughter in law and demanded the children, showing the copy of a 2005 divorce decree. They entered the home and threatened Plaintiffs with arrest unless they "complied with the order" within fifteen minutes. When Plaintiffs finally got Landcaster to call the North Carolina attorney and then a local Tennessee attorney, he learned that the paperwork was not right and that the children were in no harm. Landcaster told the daughter in law to go back to North Carolina and told Plaintiffs that they could keep the children and certainly keep the doctor's appointment in Murphreesboro later that day.

B. Defendant Bradford called Plaintiff William Millsaps on his cell phone as they had arrived In Murphreesboro. William was at his doctor's appointment and Martha was shopping for school clothes for the children when the call came in. Bradford, a Grundy County deputy, said that he was in their driveway (In Marion County) and threatened them with arrest unless they returned back that evening. He was outside of his jurisdiction, trespassing on Plaintiff's property and threatening them with illegal actions and activities that he knew he could not legally do.

C. Upon Returning home, Plaintiffs learned from a friend that a supposed staging was going to take place to "attack" their home. He called Defendant McNeece, who said that no action would take place and Defendant Burnett, who also said that he had no

need to take the children. All this time Defendants Cox, Blevins, Ladd and others were preparing to attack. At 8:00 P.M., the Defendants in swat gear and armed, dismantled the gate at the CliffTops entrance and rushed to their the house. They pushed in the door, threatened and brutalized both Plaintiffs, striking them and illegally restraining them in their own home while they chased and physically removed the screaming children from the home. Defendants refused to call their chief or any other authority, had no paperwork and threatened Plaintiffs and their friend with arrest, shoved them around their own home, threatened them with their firearms and attempted to break Martha Millsaps' arm to prevent her from calling her attorney. Both Plaintiffs and the grandchildren were manhandled and attacked by Defendants as they illegally attacked the home without warrants or paperwork, No paperwork justifying the incident has yet been provided Plaintiffs.

D. After the children returned to North Carolina , the North Carolina Court held that the mother's and the Defendant's actions were extremely illegal and that the boys should be returned <u>again</u> to the custody of their father. Defendants Ladd , Cox and Burnett, in attempt to clear themselves, began disseminating a letter from the children's mother attacking Plaintiffs, their son and their family. Cox and Ladd even appeared on Local Access television at a city council meeting trying to lie their way out of the situation they caused and disseminating the letter they knew was untrue.

IV.

Plaintiffs further allege that at all times relevant to this Complaint, all Defendants were acting under color of state law by nature of their employment with the various Sheriff and Police Departments and as Sheriffs of various counties.

V.

Plaintiffs allege that all Defendants are guilty of a knowing and intentional violation of their rights as guaranteed under the fourth and fifth amendments to the United States Constitution as to be free from unnecessary and illegal arrest and the use of excessive and unnecessary force and seizure under color of state law as guaranteed by the provisions of 42 USC 1983, et seq. They also allege that they are entitled to recover their damages, costs and attorney fees under 42 USC 1988.

VI.

Plaintiffs further allege that all Defendants, are guilty of committing assault, battery, false arrest, false imprisonment and official oppression towards Plaintiffs, all of which are statutes of the state of Tennessee, then in full force and effect. and that the violation of these Statutes, constitutes negligence per se, that is in and of itself and as a matter of law.

They also allege that Sheriff Burnett, Chief McNeece and Monteagle, Tennessee are liable for the negligence per se of their officers and employees in committing assaults, battery, false arrest

and imprisonment and Official Oppression upon Plaintiffs. In addition, they themselves are liable for promulgating and maintaining rules and regulations or failing to promulgate and enforce rules and regulations governing the legal and proper activities of their officer/ employees and failing themselves to supervise and control the officers in their employ.

VII.

They allege that Defendants Cox and Ladd directly and intentionally libeled Plaintiffs in attempt to ruin their reputation and avoid having to legally answer for their behavior by disseminating written materials they knew to be false and appearing on Television on September 14, 2010 again reading and disseminating the libelous materials and their own lies and misrepresentation.

VIII.

Plaintiffs allege that these actions by all Defendants show such wanton and willful behavior with a total disregard for the safety and the rights and protection of the public as a whole and William and Martha Millsaps in particular that all Defendants should be required to respond additionally in punitive damages.

IX.

Both William and Martha Millsaps have suffered humiliation and embarrassment from the illegal and unlawful false arrest and imprisonment. William Millsaps has a severe renewed increase

of his blood pressure which was controlled prior to these incidents and Martha Millsaps is still having tenderness and soreness of her arm. Both still have some degree of soreness in their bodies and emotional injury from the assaults and actions toward them in their own home which, to a degree, is permanent to them. They received additional damage to their life and enjoyment of life and society in their community, both from their perceptions caused by the damages and physical attacks on them and their community and church reaction to the police actions and intentional libel taken against them to cover up the wrongs they and the other Defendants perpetrated.

They are requesting both punitive and compensatory damages for the injuries.

X.

Plaintiffs further alleges that Sheriff Burnett, Chief McNeece, in their individual and official capacities and the City of Monteagle, Tennessee are liable for the action of its officers and employees due to its failure to properly train and actively supervise its officers and that improper counseling, training, and review was implemented to prevent or eliminate the problem of public abuses such as these here. Plaintiffs' allege, under information and belief, that this is not the first incident of unwarranted abuse of power and misuse of official position by officers of these Police forces and that Both Defendant individuals and the elected officials employing them have had either actual or constructive knowledge of these prior and continuing problems but have failed or refused to act to prevent actions such as these leading to further harm or abuse by their officers.

They further allege that the above Defendants have also maintained an informal, illegal, and unconstitutional policy and procedure of failing to properly supervise, discipline, and control officers such as these Officer Defendants after they knew or should have known that the officers were improperly trained or supervised and had been acting unconstitutionally and illegally towards members of the public.

WHEREFORE, Plaintiffs would recover of Defendants, both jointly and severably for their actions in concert and conspiracy causing this harm their compensatory damages in the amount of five hundred fifty fifty thousand dollars ( $ 550.000.00), Punitive damages inn the amount of four hundred thirty five thousand eighty nine dollars ( $ 435, 089) plus costs and Attorney fees and

DEMAND A JURY to try the issue when joined.

Charles P. Dupree
Tenn. Bar No. 2177
Attorney for Plaintiff
11000 Market Street
Chattanooga, Tn 37402
(423) 756-1841